NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCELINA DIAZ,<br><br>     Petitioner-Appellant,<br><br>v.<br><br>KIMBERLY HUGHES,<br><br>     Respondent-Appellee. | No. 15-55711<br><br>D.C. No.<br>8:14-cv-01819-SJO-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted August 29, 2016[**]
Pasadena, California

Before: **KOZINSKI** and **BYBEE**, Circuit Judges, and **WALTER**,[***] Senior
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Donald E. Walter, United States Senior District Judge for the Western District of Louisiana, sitting by designation.

In sufficiency of the evidence cases, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson</u> v. <u>Virginia</u>, 443 U.S. 307, 319 (1979). In <u>Juan H.</u> v. <u>Allen</u>, 408 F.3d 1262 (9th Cir. 2005), we held that a state court's application of <u>Jackson</u> "must be objectively unreasonable" to be cognizable on habeas review. <u>Id.</u> at 1275 n.13 (internal quotation marks and citation omitted).

Here, the state court's decision that there was sufficient evidence to convict Diaz was not objectively unreasonable. The court pointed to expert evidence that "there was a one in a trillion chance the DNA on the garden shears belonged to someone other than Diaz." A juror would have to make inferences to connect the DNA evidence to the actual burglary, but the court found that such inferences were reasonable based on the physical and circumstantial evidence. This was not an objectively unreasonable application of <u>Jackson</u>.

Diaz argues that there was no direct evidence that she personally entered the residence. But direct evidence is not necessary: The jury could infer that she entered by considering the dimensions of the hole along with Diaz's size and the DNA evidence. Diaz also argues that DNA can be easily transferred, but this is a jury finding that we are not entitled to second-guess.

**DENIED.**